IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | |
| JOHN HOWARD PAYNE, | ) | Bankruptcy No. 97-B-39766 |
| Debtor. | ) | Adversary No. 01 A 00342 |
| | ) | |
| | ) | |
| UNITED STATES OF AMERICA, | ) | District Court Case No. 04 C 2740 |
| Internal Revenue Service, | ) | |
| | ) | |
| Appellant, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| JOHN HOWARD PAYNE, | ) | |
| | ) | |
| Appellee. | ) | |

## MEMORANDUM OPINION AND ORDER

AMY J. ST. EVE, District Judge:

Appellant United States of America ("Government" or "IRS") appeals the bankruptcy court's denial of its motion for summary judgment and the bankruptcy court's final judgment in which the bankruptcy court concluded that Appellee John Howard Payne's tax liability for the tax year 1986 was properly discharged in bankruptcy. The Court has appellate jurisdiction over this matter pursuant to 28 U.S.C. § 158 and Rule 8001 of the Federal Rules of Bankruptcy Procedure. For the following reasons, the Court affirms the bankruptcy court's decisions.

I.  **BANKRUPTCY PROCEEDINGS**

A.  **Factual Background**

On December 31, 1997, Payne filed his petition for bankruptcy relief under Chapter 7 of Title 11 of the United States Code. Payne listed the Internal Revenue Service ("IRS") as a

creditor for unpaid income taxes for tax years 1983 through 1991. Although the IRS was properly notified of the case, the IRS never filed a claim in the estate or brought an adversary proceeding to determine the dischargeability of the unpaid income taxes.

In tax year 1986, Payne made $155,604.77 in wages. Payne's employer withheld $44,520.00 for federal income taxes and $3,003.00 for social security taxes. On November 6, 1989, the IRS commenced an examination to determine Payne's tax liability. In December 1990, a delegate of the Secretary of Treasury made an assessment against Payne for unpaid federal income tax for 1986 in the amount of $64,472.00, plus statutory interest and penalties.

In March 1992, Payne mailed his late income tax returns, including the 1986 return. In doing so, Payne attempted to advise the IRS of his tax liabilities and effectuate offers to compromise those liabilities. Nonetheless, the IRS levied Payne's wages in November 1992. In December 1992, Payne submitted three separate offers to the IRS to resolve his tax debt. Payne listed his inability to pay as the reason he could not satisfy the full amounts due. In conjunction with each of his settlement offers, he tendered a down payment of $1,000. The IRS rejected Payne's settlement offers, but while negotiating the offers the IRS did not dispute that Payne filed a Form 1040 for tax year 1986.

### B. Procedural Background

In April 1998, the bankruptcy court discharged Payne's debt and consequently closed his bankruptcy case. In April 2001, after the IRS once again notified Payne of its intent to levy certain assets and income to collect the 1986 tax debt, the bankruptcy court granted Payne's motion for leave to reopen his case. Payne then filed the present adversarial proceeding to determine the dischargeability of his 1986 tax debt. The Government responded by moving for

summary judgment based on Section 523(a)(1)(B)(i) which excepts from discharge any tax for which the required return was not filed. Specifically, the Government argued that because Payne filed his late 1986 tax return after the IRS had assessed his tax liability, the 1986 tax debt was excepted from discharge. The bankruptcy court denied the Government's motion for summary judgment.

Payne's case proceeded to trial. The parties did not introduce testimony at trial. Instead, the bankruptcy court rendered its decision in Payne's favor based on the parties' stipulated record. The bankruptcy court concluded that because Payne made a good faith attempt to satisfy the requirements of the tax laws when he filed his late 1986 tax return, his 1986 tax debt was properly discharged in bankruptcy.

## II. CURRENT APPEALS

In accordance with Federal Rule of Bankruptcy Procedure 8006, the Government filed and served its statement of issues for appeal. In essence, the Government raises the following issues:

> (1) Whether the bankruptcy court erred in denying summary judgment to the United States on its contention that Payne's 1986 tax liability is excepted from discharge under 11 U.S.C. § 523(a)(1)(B)(i); and
>
> (2) Whether the bankruptcy court erred in entering judgment against the United States holding that the Form 1040 Payne submitted to the Internal Revenue Service after his 1986 tax liability had been assessed, constituted a tax return for purposes of 11 U.S.C. § 523(a)(1)(B)(i).

## III. STANDARD OF REVIEW

The Court reviews the bankruptcy court's findings of fact for clear error and reviews its conclusions of law *de novo*. *In re Midway Airlines,* 383 F.3d 663, 668 (7th Cir. 2004); *see also*

Fed.R.Bankr.P. 8013. Whether Payne's 1986 tax debt was excepted from discharge and whether Payne's 1986 Form 1040 constitutes a "return" for purposes of Section 523(a)(1)(B) are questions of law that the Court reviews *de novo*. *See In re Hindenlang*, 164 F.3d 1029, 1035 (6th Cir. 1999).

## IV. DISCUSSION

### A. Applicable Legal Authority

In general, bankruptcy courts discharge a debtor's liabilities that arise prior to the filing of his Chapter 7 bankruptcy petition. *See* 11 U.S.C. § 727(b); *In re Birkenstock*, 87 F.3d 947, 950 (7th Cir. 1996). There are some exceptions to discharge, however, including certain tax liabilities. *See Young v. United States*, 535 U.S. 43, 44, 122 S.Ct. 1036, 152 L.Ed.2d 79 (2002); 11 U.S.C. § 523(a)(1)(A)-(C). The creditor, in this instance the IRS, has the burden of proving by a preponderance of evidence that a debt is not dischargeable. *Grogan v. Garner*, 498 U.S. 279, 287, 291, 111 S.Ct. 654, 112 L.Ed.2d 755 (1991); *In re Bero*, 110 F.3d 462, 465 (7th Cir. 1997). Courts narrowly construe any exceptions to discharge in favor of providing the debtor with a fresh start. *In re Gulevsky*, 362 F.3d 961, 963 (7th Cir. 2004); *In re Juzwiak*, 89 F.3d 424, 427 (7th Cir. 1996).

Here, the Government argues that because Payne submitted his income tax Form 1040 for tax year 1986 after the IRS had already determined and assessed his unpaid tax liability, Payne's 1986 tax debt is excepted from discharge. Although the Seventh Circuit has yet to determine this issue, the Government contends that the majority of courts that have considered this argument have upheld the Government's position. *See In re Hindenlang*, 164 F.3d 1029, 1035 (6th Cir. 1999); *see also In re Moroney*, 352 F.3d 902, 905-06 (4th Cir. 2003) (listing bankruptcy court

4

cases following *Hindenlang*). Therefore, the Government argues that based on *Hindenlang* and its progeny, the bankruptcy court erred by concluding that Payne's 1986 tax liability was discharged in bankruptcy and that Payne's Form 1040 constituted a return under Section 532(a)(1)(B)(i).

Because the Bankruptcy Code does not define the term "return" in the context of Section 523(a)(1)(B), some federal courts have turned to the federal tax laws for assistance by adopting the *Beard* test. *See Hindenlang,* 164 F.3d. at 1032. In *Beard v. Commissioner of Internal Revenue,* 82 T.C. 766, 1984 WL 15573 (1984), *affd.* 793 F.2d 139 (6th Cir. 1986)(per curiam), the United States Tax Court developed a test for determining what qualifies as a "return" under the Internal Revenue Code. To qualify as a return, a document must (1) purport to be a return, (2) be executed under penalty of perjury, (3) contain sufficient data to allow the calculation of taxes, and (4) represent an honest and reasonable attempt to satisfy the requirements of the tax laws. *Id.* at 777. The *Beard* test combines the principles of two Supreme Court cases, *Germantown Trust Co. v. Commissioner of Internal Revenue,* 309 U.S. 304, 60 S.Ct. 566, 84 L.Ed. 770 (1940) and *Zellerbach Paper Co. v. Helvering,* 293 U.S. 172, 55 S.Ct. 127, 79 L.Ed. 264 (1934).

Applying this combined standard, the *Beard* court focused on the form and content of the taxpayer's "return" to determine whether the taxpayer made an honest and reasonable attempt to satisfy the tax laws. *See id.* at 779-80. In doing so, the *Beard* court concluded that the taxpayer did not make an honest and reasonable attempt to satisfy the tax laws because he made no attempt to file an authentic tax return and offered no excuse for failing to do so. *Id.* (tax return made mockery of tax law requirements both as to form and content). Since *Beard,* the United

5

States Tax Court has consistently focused on the form and content of the tax documents filed to determine whether the taxpayer has made an honest and reasonable attempt to satisfy the tax laws. *See, e.g., Swanson v. Commissioner*, 121 T.C. 111, 124-25, 2003 WL 22020782 (U.S. Tax Ct. 2003); *Cabirac v. Commissioner*, 120 T.C. 163, 2003 WL 1918917 (U.S. Tax Ct. 2003); *Williams v. Commissioner*, 114 T.C. 136, 140-43, 2000 WL 230343 (U.S. Tax Ct. 2000).

In *Hindenlang*, the Sixth Circuit departed from this precedent by adopting what appears to be a bright-line rule instead of looking to the form and content of the taxpayer's filings. Specifically, the *Hindenlang* court concluded that once the IRS assesses a tax liability, a late-filed Form 1040 serves no purpose under the tax laws, *i.e.*, it is a legal nullity. *Id.* at 1024-25. Based on this principle, the *Hindenlang* court concluded "that if a document purporting to be a tax return serves no purpose under the Internal Revenue Code, such a document cannot, as a *matter of law*, qualify as an honest and reasonable attempt to satisfy the requirements of the tax law." *Id.* at 1035 (emphasis added).

Although some courts have adopted the *Hindenlang* reasoning, other courts have rejected it because the rule adds a distinction to the Bankruptcy Code that is not explicitly there. *See In re Nunez*, 232 B.R. 778, 781 (9th Cir. BAP 1999) (collecting cases);[1] *In re Savage*, 218 B.R. 126, 132 (10th Cir. BAP 1998). In *Nunez*, the bankruptcy appellate panel reasoned that if Congress wanted to condition the discharge of a tax debt on whether the return was filed before an

---

[1] The Government contends that the Ninth Circuit's decision *In re Hatton*, 220 F.3d 1057, 1061 (9th Cir. 2000), puts the *Nunez* decision in doubt. The Court disagrees. In *Hatton*, the Ninth Circuit did not adopt the *Hindenlang* reasoning because it considered the debtor-taxpayer's intent based on the submitted tax forms and an installment agreement and concluded that the taxpayer did not make an honest and reasonable attempt to satisfy the tax laws. *Id.* at 1061. Thus, the *Hatton* court followed the same general reasoning as the *Nunez* panel. *See In re Nunez*, 232 B.R. 778, 783-84 (9th Cir. BAP 1999).

assessment, it would have explicitly done so because Congress has utilized assessment as a trigger for other time periods in the Bankruptcy Code. *Id.* at 782 (citing Section 507(a)(8)(A)(ii) and (iii)). As the *Nunez* panel observed, "[w]hen Congress includes particular language in one section of the Code, but omits it in another, it is presumed to have acted intentionally and purposely." *Id.* at 782 (citing *BFP v. Resolution Trust Corp.*, 511 U.S. 531, 537, 114 S.Ct. 1757, 128 L.Ed.2d 556 (1994)). Indeed, bankruptcy courts cannot disregard the plain language of Section 523(a)(1)(B)(i) because certain courts are convinced that Congress did not adequately protect the interests of the IRS. *See Badaracco v. Commissioner of Internal Revenue*, 464 U.S. 386, 398, 104 S.Ct. 756, 764, 78 L.Ed.2d 549 (1984)("Courts are not authorized to rewrite a statute because they might deem its effects susceptible of improvement."); *In re Colsen*, 311 B.R. 765, 771 (Bankr.N.D.Iowa 2004).

Further, taking a common sense approach, the Government's reading of Section 523(a)(1)(B)(i) leads to an unreasonable result. *See Koons Buick Pontiac GMC, Inc. v. Nigh*, 125 S.Ct. 460, 469 (2004) ("there is no canon against using common sense in construing laws") (citation omitted). In effect, under the *Hindenlang* rule, a debtor would never be able to discharge his tax liabilities, regardless of his intent, if the IRS previously assessed his tax debt. *See In re Savage*, 218 B.R. at 132. This holding contradicts the purpose of the Bankruptcy Code, which is to secure the equitable distribution of the debtor's assets among his creditors and "to relieve the honest debtor from the weight of oppressive indebtedness and permit him to start afresh free from the obligations and responsibilities consequent upon business misfortunes." *Williams v. United States Fid. & Guar. Co.*, 236 U.S. 549, 554-55, 35 S.Ct. 289, 59 L.Ed. 713 (1915); *Village of San Jose v. McWilliams*, 284 F.3d 785, 790 (7th Cir. 2002). Simply put,

removing the bankruptcy court's case-by-case determination of whether a debtor's intent was honest goes against the Bankruptcy Code's objective of providing the honest debtor with a fresh start.

Finally, although the *Hindenlang* court insists that its reasoning is not inconsistent with the Supreme Court's decision in *Badaracco v. Commissioner of Internal Revenue*, 464 U.S. 386, 104 S.Ct. 756, 78 L.Ed.2d 549 (1984), this Court finds it is difficult to reconcile the *Hindenlang* reasoning with the *Badaracco* decision. In *Badaracco*, the Supreme Court addressed whether the filing of a non-fraudulent amended return following a fraudulent original return commenced the running of the statute of limitations. *Id.* at 396-97. The Supreme Court concluded that despite the taxpayers' fraudulent intent, the fraudulent returns "purported to be returns, were sworn to as such, and appeared on their faces to constitute endeavors to satisfy the law. Although those returns, in fact, were not honest, the holding in *Zellerbach* does not render them nullities." *Id.* at 397. In sum, despite the Supreme Court's conclusion that a fraudulent return that appeared to satisfy the tax laws was not a legal nullity, the *Hindenlang* court nevertheless concluded that after the IRS has made a tax assessment, late-filed returns are legal nullities. *See Zellerbach Paper Co. v. Helvering*, 293 U.S. 172, 180, 55 S.Ct. 127, 79 L.Ed. 264 (1934) ("Perfect accuracy or completeness is not necessary to rescue a return from nullity, if it purports to be a return, is sworn to as such, ... and evinces an honest and genuine endeavor to satisfy the law.").

Accordingly, the Court concludes that the bankruptcy court did not err when it declined to follow the *Hindenlang* court's reasoning to determine whether Payne's 1986 tax debt was excepted from discharge and whether Payne's 1986 Form 1040 constitutes a "return" for purposes of Section 523(a)(1)(B).

## B. Bankruptcy Court's Conclusion

The Court now turns to whether the bankruptcy court erred in concluding that Payne made an honest and reasonable attempt to satisfy the requirements of the tax laws. In concluding that Payne made a "good faith" inquiry under the *Beard* test, the bankruptcy court looked to the form and content of Payne's late-filed 1986 tax return and concluded that Payne's return was complete on its face. The bankruptcy court also concluded that "the conceded filing of returns for the other years and offers of substantial cash settlement of his tax obligations for all years including 1986 affirmatively showed his good faith." *In re Payne,* 306 B.R. 230, 237 (Bankr. N.D. Ill. 2004). The bankruptcy court further noted that the IRS has the authority to pursue recalcitrant taxpayers if the taxpayer willfully evades paying income taxes. *Id.* (citing Section 523(a)(1)(C)). The IRS, however, did not pursue Payne under this section. The bankruptcy court also concluded that the facts in this case do not support the conclusion that Payne willfully intended to evade paying his income taxes. *Id.*

The Court would be hard-pressed to conclude that the bankruptcy court erred in its analysis. The bankruptcy court looked to the form and content of Payne's tax return and concluded that it was complete. This analysis is in line with the *Beard* test and other tax court and bankruptcy court precedent. *See, e.g., In re Nunez,* 232 B.R. 778, 783 (9th Cir. BAP 1999)("good faith generally should arise only where the creditor contends that the form of the document is not proper"). The bankruptcy court also relied on circumstances surrounding the 1986 tax debt, such as Payne's willingness to compromise and settle his tax debt, in support of the conclusion that he made an honest and reasonable attempt to satisfy the tax laws. *See In re Hatton,* 220 F.3d 1057, 1061 (9th Cir. 2000) (debtor's reluctance to negotiate settlement

9

supported conclusion that honest and reasonable attempt not made). Finally, the record does not support the Government's contention that Payne's offers in compromise were designed to stall the IRS' collection efforts.

Therefore, the bankruptcy court did not err in concluding that Payne's 1986 Form 1040 constituted a "return" for purposes of Section 523(a)(1)(B), and consequently that his 1986 tax debt was properly discharged.

## CONCLUSION

For these reasons, the Court affirms the bankruptcy court's summary judgment order and final judgment.

Dated: February 7, 2005

**ENTERED:**

**AMY J. ST EVE**
**United States District Judge**